UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARM KOSIN, as the personal representative of the Estate of Marvin H. Kosin, Jr., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17 CV 2435 CDP |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

During and through his employment as a carman/welder for defendant Union Pacific Railroad Company, decedent Marvin H. Kosin, Jr., was exposed to various substances, including chemicals, solvents, diesel fuels, exhausts, and dusts. Kosin developed metastatic bladder cancer and died April 16, 2014. In this action brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51, *et seq.*, Kosin's estate claims that Union Pacific's negligence caused Kosin's cancer, which eventually led to his premature death. The action was originally filed in the Central District of Illinois on April 10, 2017, and was transferred to this district on September 19, 2017. While the matter was pending in Illinois, Union Pacific filed a motion to dismiss the amended complaint and the motion remains pending. I will deny the motion.

As an initial matter, I note that Union Pacific seeks to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(1), (2), and (6). Although Rule 12(b)(1) governs dismissal for lack of subject-matter jurisdiction, Union Pacific makes no argument nor cites any authority demonstrating why a federal district court does not have subject-matter jurisdiction over this FELA action. Accordingly, I will deny the motion to dismiss to the extent it is brought under Rule 12(b)(1). To the extent the motion is brought under Rule 12(b)(2) for lack of personal jurisdiction, the motion is now moot given that plaintiff conceded transfer to this district where personal jurisdiction is present, and the case has since been transferred.

Union Pacific also seeks to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim, and specifically, for failure to state sufficient facts to show that the action was brought within FELA's three-year statute of limitations or to show that plaintiff's allegations give rise to a claim that meets all the necessary elements of a FELA cause of action. For the following reasons, I will deny these aspects of the motion as well.

First, bar by a statute of limitations is an affirmative defense, which the defendant must plead and prove. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008); Fed. R. Civ. P. 8(c). A defendant does not render a complaint defective by pleading an affirmative defense. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Therefore, the possible existence of a statute of limitations

defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense. *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)). The complaint here states that within three years of its filing, plaintiff learned that Union Pacific's negligence caused or contributed to cause Kosin's cancer, and the complaint was brought within three years of Kosin's death. On its face, therefore, the complaint itself does not foreclose the possibility that plaintiff can successfully rebut Union Pacific's statute of limitations defense. I will therefore deny the motion to dismiss to the extent it is based on this affirmative defense.

With respect Union Pacific's argument that the amended complaint fails to plead sufficient substantive facts to state a FELA claim, I have reviewed the complaint in light of the relevant standard[1] and find that plaintiff has adequately alleged the necessary elements and is entitled to conduct discovery and present

---

[1] The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

evidence in support of the claim. Whether plaintiff may ultimately be entitled to relief on the claim is not properly before me at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Union Pacific Railroad Company's Motion to Dismiss Amended Complaint [10] is denied in part, and denied as moot in part, as provided in this Memorandum and Order.

This case will be set for a Rule 16 scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2017.