**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARM KOSIN, individually and as the personal representative of the Estate of Marvin H. Kosin, Jr., deceased, | ) ) ) ) |
| Plaintiff(s), | ) Case No. 4:17-cv-02435-SRC ) |
| vs. | ) ) |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the issue of whether the statute of limitations expired prior to the filing of this action. The Court dismisses the matter because the action is time-barred.

**I.     BACKGROUND**

On April 10, 2017, Plaintiff Charm Kosin filed this action alleging her husband, Marvin H. Kosin, Jr. ("Marvin"),[1] died from metastatic cancer, including bladder, lung, and prostate cancer, as a result of his exposure to various toxic substances and carcinogens in his employment with Defendant Union Pacific Railroad Company. Kosin brings her claim pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*. On August 22, 2018, Union Pacific filed a Motion for Summary Judgment asserting the applicable statute of limitations had run prior to Kosin filing her suit. Doc. 38. On September 24, 2018, the Court denied Union Pacific's Motion, finding genuine issues of material fact in dispute, including when Marvin knew or

---

[1] The Court refers to Marvin Kosin by his first name solely to provide clarification throughout this opinion between Plaintiff Charm Kosin and the decedent, Marvin Kosin.

1

should have known that the conditions of his employment with Union Pacific caused his metastatic bladder cancer and whether reasonable investigation would have revealed the cause of his cancer on or before April 16, 2011.  Doc. 46.

The parties proceeded with discovery.  On April 26, 2019, Union Pacific filed a second Motion for Summary Judgment asserting the medical records and expert testimony conclusively demonstrated that neither Marvin's employment with Union Pacific, nor any negligence attributable to Union Pacific, caused his prostate cancer and lung cancer, and subsequent death.  Doc. 55.  In response, Kosin withdrew her allegations that Marvin's employment with Union Pacific caused his prostate cancer and lung cancer and her allegation that his death was causally related to his employment with Union Pacific.  Doc. 58.

On October 15, 2019, the parties filed their pretrial materials.  The parties filed a joint stipulation of facts in which they agreed to the following facts:  Marvin was diagnosed with bladder cancer on or about November 30, 2010; Marvin passed away on April 16, 2014; Marvin's employment with Union Pacific did not cause his prostate cancer; Marvin's employment with Union Pacific did not cause his lung cancer; and Marvin's death was not causally related to his former employment with Union Pacific.  Doc. 78, ¶¶ 5, 7, 8-10.

Union Pacific filed its Trial Brief in which it again raised the issue of the statute of limitations.  Doc. 79.  Union Pacific argued the statute of limitations expired in 2013, and Kosin did not file this action until 2017.  *Id*.  On October 23, 2019, the Court ordered the parties to provide supplemental briefing by October 29, 2019, on the effect of the withdrawal of Kosin's allegations that Marvin's death was causally related to his former employment with Union Pacific on the statute of limitations.  Doc. 86.  The parties filed supplement briefing on October

25, 2019. Docs. 116, 117. The Court held oral argument on the statute of limitations on October 31, 2019.

III. **STANDARD**

Federal Rule of Civil Procedure ("FRCP") 56(f) states:

Judgement Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties' material facts that may not be genuinely in dispute.

"Federal district courts have the power to grant summary judgment *sua sponte* when the losing party is given sufficient advance notice and an adequate opportunity to submit evidence in opposition." *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1041 (8th Cir. 2016) (quoting *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (citing Fed. R. Civ. P. 56(f)). Here, Union Pacific raised the issue of the statute of limitations in its Trial Brief. Doc. 79. The Court issued an Order requiring the parties to submit supplemental briefing on the issue, giving the parties six days to file the briefs. Doc. 86. Both parties accordingly submitted supplemental briefs, and both submitted evidence with those briefs. Docs. 116, 117. On October 31, 2019, the Court held oral argument on the issue and repeatedly asked the parties if they had additional argument or evidence they would like to present on the issue before the Court considered whether to grant summary judgment under FRCP 56(f). The Court has given Kosin sufficient notice and an adequate opportunity to submit evidence in opposition. *See* Fed. R. Civ. P. 56(f).

IV. **DISCUSSION**

The Federal Employers' Liability Act ("FELA") provides a three-year statute of limitations to file suit. 45 U.S.C. § 56. Section 56 states, "No action shall be maintained under

this chapter unless commenced within three years from the day the cause of action accrued." The question is when does a cause of action accrue? "When the injury is not a single traumatic one with immediate symptoms, but rather a latent one with symptoms appearing over time, 'the cause of action does not accrue until the employee is aware or should be aware of his condition.'" *White v. Union Pacific R.R. Co.*, 867 F.3d 997, 1001 (8th Cir. 2017) (quoting *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 906 (8th Cir. 1980). The employee must also know, or have reason to know, the condition's cause. *Id*.

"Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." *Id*. (quoting *Fries v. Chi. & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990)). "Actual notice is not required for accrual. After a condition manifests itself, the question becomes whether the plaintiff knew or, through the exercise of reasonable diligence, *should have known* of the cause of his injury." *Id*. at 1002-03 (emphasis in original) (quoting *Sweatt v. Union Pacific R.R., Co.*, 796 F.3d 701, 707 (7th Cir. 2015)). A claim accrues when "one reasonably should know that his symptoms are fairly attributable to a workplace injury." *Id*. at 1003.

### A. The Court's September 24, 2018 Summary Judgment Order

On September 24, 2018, the Court denied Union Pacific's Motion for Summary Judgment on the issue of the statute of limitations, finding genuine issues of material fact in dispute as to when Marvin knew or should have known the conditions of his employment with Union Pacific caused his bladder cancer. Doc. 46. The posture of the case has significantly changed since the Court's Order.

At the time of the Court's Order, Kosin's allegations included that Marvin's exposure to various toxic substances and carcinogens in his work with Union Pacific caused his cancer and

4

his premature death. Marvin died on April 16, 2014. Because Kosin alleged Marvin's employment with Union Pacific caused his bladder cancer and his death, Kosin had three years from the date of his death to file suit. Section 59 of FELA allows for the right of action to survive the person injured:

> Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.

45 U.S.C. § 59. Section 51 defines the right of action that survives:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee . . .

45 U.S.C. § 51. Kosin's right is "derivative and dependent upon the continuance of a right in the injured employee at the time of his death." *Flynn v. New York, N.H. & H.R. Co.*, 283 U.S. 53, 55 (1931); *see also Coman v. New York Cent. R. Co.*, 184 F.2d 841, 841-42 (6th Cir. 1950).

Thus, Kosin had three years from the time of Marvin's death to file a lawsuit under FELA for any cause of action Marvin had a right to bring at the time of his death. Kosin filed her suit within three years of Marvin's death. Therefore, the key question at the time of the Court's prior Order was whether Marvin knew, or should have known, of the cause of his injury before April 16, 2011, three years before the date of his death. Genuine issues of material fact existed as to this issue.

### B. Current Posture of the Case

Since the Court's Summary Judgment Order on September 24, 2018, Kosin has withdrawn her allegations that Marvin's death was caused by his employment with Union

5

Pacific. The statute of limitations analysis significantly changes with this development. Because Kosin no longer asserts a wrongful death claim, Kosin did not have three years from the date of death to file suit. Instead, Kosin had three years from when the cause of action accrued to file suit. 45 U.S.C. § 56. Thus, the key question to be resolved now is whether Marvin knew, or should have known, in the exercise of reasonable diligence the essential facts of the cause of his bladder cancer before April 10, 2014, three years before Kosin filed this action. If Marvin knew, or should have known, of the cause of his bladder cancer before April 10, 2014, then the statute of limitations has expired and the Court must dismiss the case.

The undisputed facts establish that Marvin knew, or should have known, before April 10, 2014 that the cause of his bladder cancer was attributable to his employment with Union Pacific. The parties stipulated that Marvin was diagnosed with bladder cancer on November 30, 2010. Doc. 78. Both parties agree that, at the time of the diagnosis, Marvin's doctor told Marvin his cancer could be caused by "environmental factors." Both parties agree that, at the time of Marvin's diagnosis, he had a pending FELA lawsuit against Union Pacific for carpal tunnel syndrome. Both parties agree that Marvin was represented by counsel in that lawsuit. Both parties also agree that Marvin signed a Release Agreement on April 19, 2011, with Union Pacific, that released Union Pacific from liability for any possible injuries Marvin sustained during his employment, except that the release carved out any injuries related to cancer. The Court confirmed the parties' agreement on this set of operative facts at the October 31, 2019 hearing.

The Court need not determine if Marvin should have investigated whether his employment caused his cancer when his doctor told him it could be caused by "environmental factors" because, the undisputed facts make clear that Marvin knew, or should have known, his

6

employment could be a cause of his cancer on April 19, 2011, when he signed the Release Agreement. The Release Agreement contains two key provisions. In the definitions section, it states: "The term 'Claims' or 'Claim' as used in this Release does not include any claim, lawsuit, and/or demand for damages for alleged employment-related cancer injuries which KOSIN expressly reserves himself and does not, by execution of this release, discharge." Doc. 116-2, pg. 1. In paragraph six of the agreement, Marvin agreed to the following:

> [Marvin] acknowledges any illnesses, injuries, diseases, and/or death, or any fears or psychological disorders relating to contracting same, arising out of his employment with Union Pacific may be permanent and may naturally progress and may become more significantly disabling in the future and that recovery there from may be uncertain. [Marvin] acknowledges any illnesses, injuries, and/or diseases arising out of his employment with Union Pacific may even lead to death. [Marvin] acknowledges future medical treatment, including surgery, may be necessary in an attempt to alleviate or cure any illnesses, injuries, and/or diseases, or any fears or psychological disorders relating to contracting same. In making this release, [Marvin] acknowledges he relies wholly upon his own judgment, belief, and knowledge of the nature and extent of his injuries, including the permanency of such injuries; the possibility of a natural progression of such injuries; the possibility that such injuries may become permanently disabling in the future; the possibility that such injuries may require future medical treatment in an attempt to alleviate or cure such injuries, including surgery; and that the possible future effects of existing injuries are specifically bargained for herein, included, and released in exchange for the payment of consideration stated hereinabove.

Doc. 116-2, pg. 5. Marvin signed the Release Agreement, and initialed every page. The law presumes that a person who signs an agreement knows the contents of the terms of the agreement. *Pinken v. Frank*, 704 F.2d 1019, 1025 (8th Cir. 1983). Counsel represented Marvin at the time he signed this agreement, and the agreement confirms that its terms "have been completely read and/or explained by his attorney and that said terms are fully understood and voluntarily accepted by [Marvin]." Doc. 116-2, pg. 6.

Even if Marvin did not know at the time he signed this Agreement that his employment caused his bladder cancer, the provisions of the Agreement, and these two sections in particular, should have caused Marvin to investigate the cause of his cancer and determine if his

7

employment was a factor. See *White*, 867 F.3d at 1003 ("The better rule is that a claim accrues when one reasonably should know that his symptoms are fairly attributable to a workplace injury. The district court correctly concluded, as a matter of law, that White's symptoms were serious enough in 2007 and 2008 to raise a duty to investigate."). The obvious inference to be drawn from the Release Agreement is that Marvin knew, had reason to know, or had reason to investigate whether, his employment caused his bladder cancer. The Court asked Kosin's counsel to provide other inferences that a jury could draw from this Release Agreement and what evidence, if any, might support such inferences. The only inference Kosin's counsel provided was that the language was "boilerplate" so it does not indicate Marvin specifically carved out his cancer claims from the Release Agreement. However, Kosin's counsel stated he had no evidence to offer to support the inference that this language was boilerplate.

"On summary judgment the inferences to be drawn from the underlying facts contained . . . must be viewed in the light most favorable to the party opposing the motion." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970) (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)). Here, the inference Kosin seeks to be drawn – that Marvin did not know and should not have known from the Release Agreement specifically excluding any cancer claims that his employment caused his bladder cancer – cannot be drawn because no underlying facts support it. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson v. Liberty Lobb, Inc.*, 477 U.S. 242, 252 (1986). And as *White* and the *Fries* case on which it relies make clear, the Court must conduct an objective inquiry into when a claimant knew or should have

known, in the exercise of reasonable diligence, the "'essential facts of injury and cause.'" *White*, 867 F.3d at 1001 (quoting *Fries v. Chi. & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990)). Objectively, a reasonable juror could only conclude that Marvin knew, or should have known, his employment with Union Pacific caused his cancer prior to April 10, 2014, as a matter of law. *See id*. at 1001 and 1003.

The undisputed facts, taken together, further support the conclusion Marvin knew or should have known in the exercise of reasonable diligence the essential facts of the cause of his bladder cancer. Marvin's doctor told him his cancer could be caused by "environmental factors," Marvin had a pending FELA lawsuit at the time of his diagnosis and was represented by counsel in that lawsuit, he signed a Release Agreement excluding any claims for liability of injuries caused by cancer, and in that release he acknowledged the possibility of illnesses, injuries, diseases, and the like arising out of his employment. The FELA statute of limitations bars Kosin's cause of action because the undisputed facts establish that Marvin knew or should have known in the exercise of reasonable diligence the essential facts of the cause of his bladder cancer before April 10, 2014. The Court grants summary judgment under FRCP 56(f) and dismisses this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DISMISSES** this matter, **with prejudice**.

So Ordered this 6th day of November, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**